UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HATCHER, Booking #19705701,<br><br>         Plaintiff,<br><br>vs.<br><br>LINDSEY L. BALL, et al.,<br><br>         Defendants. | Case No.: 3:19-cv-00721-MMA-LL<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

Plaintiff, Robert Hatcher, while in custody at the San Diego Central Jail ("SDCJ"), filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983 on April 18, 2019, attached to which are dozens of pages of miscellaneous medical record exhibits. *See* Compl., Doc. No. 1. Hatcher's pleading is confusing and disjointed, but it appears he seeks to sue several doctors and nurses at SDCJ and at Tri City Medical Center in Oceanside, California, where his exhibits show he was temporarily examined and treated for a host of medical conditions and complaints. *Id.* at 1-5, 17-18. Hatcher also includes as defendants the former First Lady of the United States and private individuals he labels as his "stalkers," and he claims he is being discriminating against, disparaged, and subject to "arbitrary detention" because he is Native American. *Id.* at 1, 4, 18-20.

Hatcher has not prepaid the $400 filing fee required to commence civil action pursuant to 28 U.S.C. § 1914(a), nor has he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).

## I. Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Hatcher has not prepaid the $400 in filing and administrative fees required to commence a civil action, and he has not filed a Motion to Proceed IFP in compliance with 28 U.S.C. § 1915(a). Therefore, his civil action cannot proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051. And while the Court would ordinarily grant him leave to file an IFP Motion pursuant 28 U.S.C. § 1915(a), it finds, for the reasons set out below, that doing so would be futile since Hatcher is no longer entitled to that privilege, he fails to include plausible allegations of imminent danger of serious physical injury at the time he filed his Complaint, and his suit is legally frivolous.

## II. 28 U.S.C. § 1915(g)'s "Three-Strikes" Bar

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee" in installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

### III. Discussion

As an initial matter, the Court has reviewed Hatcher's pleading and finds it contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical

injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, Hatcher's sparse and disjointed Complaint seeks $1.5 million dollars in general and punitive damages and his "release from jail" by relying on conclusory allegations of medical discrimination based on his ethnicity and supported only by reams of medical records he attaches in no particular order as exhibits.[2] *See* Compl., Doc. No. 1 at 2-10, 13-84; *Sierra v. Woodford*, 2010 WL 1657493 at *3 (E.D. Cal. April 23, 2010) (finding "long, narrative, rambling statements regarding a cycle of violence, and vague references to motives to harm" insufficient to show Plaintiff faced an "ongoing danger" as required by *Cervantes*).

If this were not enough, Plaintiff's claims also appear duplicative of several other civil actions he has filed in the Southern District of California over the course of the last few months. *See* 28 U.S.C. § 1915A(b)(1) (requiring sua sponte dismissal of prisoner complaints, or any portions of them, which are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted."); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015); *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018) (quoting 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal citation omitted); *O'Loughlin v. Doe,* 920 F.2d 614, 617 (9th Cir. 1990) (a complaint "is frivolous if it has no arguable basis in fact or law.").

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it

---

[2] Plaintiff's exhibits are comprised of what appear to be medical discharge records, medication and dietary instructions, and referral summaries outlining his transition of care from Tri-City Medical Center in Oceanside, California, to San Diego County Sheriff's Department officials. *See* Compl., Doc. No. 1 at 9-84. But while "much liberality is allowed in construing pro se complaints, a pro se litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, at *2 (S.D. Texas 20i17). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

"merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). In *Hatcher v. SNR Serina, et al.* S. D. Cal. Civil Case No. 3:19-cv-00661-WQH-LL, for example, which Plaintiff filed just ten days before this case, he also alleged that the head nurse at SDCJ, whom he includes as Defendant in this case, together with other unidentified SDCJ medical officials, discriminated against him as a Native American by refusing to comply with Tri City Medical Center doctors' orders. *See id.*, Compl., Doc. No. 1 at 1-2. In *Hatcher v. Aurthur, et al.*, S.D. Cal. Civil Case No. 3:19-cv-00615-LAB-WVG, Plaintiff also claimed, as he does again here, to have been "stalked" while in Carlsbad and Oceanside, California, and to have been the victim of "murder plots" across state lines hatched by former First Lady Michelle Obama and private citizens. *See id.*, Compl., Doc. No. 1 at 1-2; Amend. Compl., Doc. No. 7 at 1-4.

Thus, because Plaintiff continues to raise the same claims against several of the same parties in 19cv0661 and 19cv0615, this later-filed case is subject to sua sponte dismissal as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Nordstrom*, 762 F.3d at 907 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v.*

*Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

This Court takes judicial notice of its own records and finds that Plaintiff Robert Hatcher, currently identified as San Diego County Sheriff's Department Inmate Booking No. 19705701, while incarcerated, has filed three prior civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

1) *Hatcher v. Aurthur, et al.*, Civil Case No. 3:18-cv-00491-LAB-KSC (S.D. Cal. Mar. 31, 2018) (Order Denying Motion to Proceed IFP and Dismissing Civil Action as Frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)) (Doc. No. 3) (strike one);

2) *Hatcher v. Monahan*, Civil Case No. 3:18-cv-00492-CAB-KSC (S.D. Cal. April 5, 2018) (Order Granting Motions to Proceed IFP and Dismissing Complaint for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)) (Doc. No. 12); (S. D. Cal., June 14, 2018) (Order Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and for Failing to Prosecute in Compliance with Court Order requiring Amendment)) (Doc. No. 17) (strike two)[3]; and

3) *Hatcher v. Dr. Blake, et al.*, Civil Case No. 3:18-cv-00561-MMA-MDD (S.D. Cal. May 17, 2018) (Order Granting Motion to Proceed IFP and Dismissing Complaint for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)) (Doc. No. 8); (S.D. Cal. July 17, 2018) (Order Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and for Failing to Prosecute in Compliance with

---

[3] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

Court Order requiring Amendment)) (Doc. No. 10) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## IV. Conclusion and Order

For the reasons explained, the Court:

(1) **DISMISSES** this civil action sua sponte for failure to pay filing fees required by 28 U.S.C. § 1914(a) and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1);

(2) **CERTIFIES** that an IFP appeal from this Order would also be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(3) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

DATE: May 22, 2019

HON. MICHAEL M. ANELLO
United States District Judge